NUMBER 13-99-803-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________ 


JOSELITO LONGORIA , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 


On appeal from the 24th District Court

of Calhoun County, Texas.

___________________________________________________________________ 



O P I N I O N


Before Justices Dorsey, Yañez, and Hill(1)

Opinion by Justice Hill

 

 Joselito Longoria appeals from his conviction by a jury of the offense of aggravated assault. The jury assessed his
punishment at ninety-nine years in the Texas Department of Criminal Justice, Institutional Division. In a single point of
error, Longoria contends that the trial court erred by allowing gruesome photographs into evidence at the punishment phase
of the trial. 

 We affirm because the trial court did not abuse its discretion by finding that the probative value of the photographs that
were admitted into evidence was not substantially outweighed by the danger of unfair prejudice. 

 The photographs to which Longoria objects are 8" x 10" color photographs from the autopsy of a victim in another case, a
victim whom Longoria had admittedly stabbed. The photographs depict several stab wounds on the victim's chest and back,
wounds that had been orally described by the medical examiner. The trial court excluded a similar photograph depicting the
face of the deceased. 

 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or by needless presentation
of cumulative evidence. Tex. R. Evid. 403. Several factors that may be considered in determining whether the danger of
unfair prejudice substantially outweighs the probative value of photographs include the number of exhibits offered, their
gruesomeness, their detail, their size, whether they are black and white or color, whether they are close-up, whether the
body is naked or clothed, and the availability of other means of proof and the circumstances unique to each individual case.
See Sonnier v. State, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995). The admissibility of photographs over any challenge is
within the sound discretion of the trial judge. Id. 

 The photographs that were admitted into evidence are not particularly gruesome, although they do depict the stab wounds
inflicted by Longoria upon the deceased. The photographs only appear to show evidence of the reality of the crime
Longoria committed. There does not appear to be any evidence of tampering, enhancement or any attempt by the State to
inflame, confuse, or mislead the jury in the presentation of the photographs. When, as here, the photographs merely show
what the defendant has himself done, we cannot hold that the trial court abused its discretion merely because it admitted the
evidence. Chamberlain v. State, 998 S.W.2d 230, 237 (Tex. Crim. App. 1999); Sonnier, 913 S.W.2d at 519. We also note
that autopsy photographs are generally admissible unless they depict mutilation of the victim caused by the autopsy
itself.Salazar v. State, 2001 Tex. Crim. App. LEXIS 3 (Tex. Crim. App., January 17, 2001). We hold that the trial court did
not abuse its discretion in determining that the probative value of the photographs was not substantially outweighed by the
danger of unfair prejudice. We overrule Longoria's sole point of error. 

 The judgment is affirmed. 



 ______________________________ 

JOHN HILL, 

Senior Justice 



Do not publish. 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this 19th day of April, 2001. 

1. Senior Justice John Hill assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't
Code Ann. § 74.003 (Vernon 1998).